UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MESLISSA M. SANDOVAL et al.,<br><br>       Plaintiffs,<br><br>   -against-<br><br>ABBOTT HOUSE,<br><br>       Defendant. | 24-cv-502 (AS)<br><br>ORDER APPOINTING<br>*PRO BONO* COUNSEL |

ARUN SUBRAMANIAN, United States District Judge:

  Pro se plaintiff Melissa Sandoval sued Abbott House on behalf of herself and her three minor children, identified on the docket as E.S., E.S., and E.S. The Court directs the Clerk of Court to seek pro bono counsel to provide full scope representation to Sandoval's three minor children in this case. If located, selected counsel will file a Notice of Appearance of Pro Bono Counsel.

## LEGAL STANDARD

  The *in forma pauperis* (IFP) statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). In civil cases there is no requirement that indigent litigants be given counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, courts have "broad discretion" when deciding whether to seek *pro bono* representation for a civil litigant. *Id.* Even if a court does believe that a litigant should have an attorney under the IFP statute, a court still may "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–10 (1989). Courts must request the services of pro bono counsel sparingly, and with reference to public benefit, to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172–73 (2d Cir. 1989).

  In *Hodge*, the Second Circuit set forth factors a court should consider when deciding whether to appoint pro bono counsel. 802 F.2d at 61–62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed IFP. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.* In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## DISCUSSION

Sandoval filed an application to proceed IFP, which the Court granted. Dkt. 4. Sandoval therefore qualifies as indigent.

In her complaint, Sandoval attempts to assert claims on behalf of herself and her minor children under 42 U.S.C. § 1983 and under state law, alleging that her children were harmed by employees of Abbott House while in its care. The Court finds that the claims are "likely to be of substance." *Hodge*, 802 F.2d 61–62. Moreover, Sandoval, who is not an attorney, "cannot bring an action *pro se* in federal court on behalf of … her child." *Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005). Minors "are entitled to trained legal assistance so their rights may be fully protected" and nonlawyer parents are not trained to represent competently the interests of their children. *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990). Without counsel, the claims of Sandoval's minor children cannot proceed.

The Court finds that the other *Hodge* factors also weigh in favor of granting *pro bono* counsel to pursue the claims of Sandoval's children. Counsel will be necessary to investigate facts, amend the complaint, prove the allegations through discovery, and address the complex legal issues that are likely to arise. In this case, representation would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61.

Because this action involves claims on behalf of minor children and must be brought by an attorney, the Court will request that counsel appear for the full scope of representation before this Court.[1]

Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund, pro bono counsel may apply for reimbursement of certain out-of-pocket expenses spent in furtherance of this case. The Pro Bono Fund is especially intended for attorneys for whom pro bono service is a financial hardship. *See* https://nysd.uscourts.gov/forms/pro-bono-fund-order.

## CONCLUSION

For the foregoing reasons, the Clerk of Court is directed to attempt to locate pro bono counsel to represent Sandoval's minor children for the purposes described above. There are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period may pass before counsel volunteers to represent E.S., E.S.,

---

[1] *Pro bono* counsel will not be obliged to cover any aspect of the representation beyond the matters described in this order, such as litigating the case on appeal. Once *pro bono* counsel files a Notice of Completion, counsel's representation will terminate, and counsel will have no further obligations or responsibilities to the Sandoval children or to the Court in this matter.

and E.S and there is no guarantee that a volunteer attorney will decide to take the case. Sandoval is warned that if the Clerk of Court is unable to locate pro bono counsel, the claims of the minor children may be dismissed without prejudice to being reasserted through counsel.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: February 29, 2024
       New York, New York

ARUN SUBRAMANIAN
United States District Judge