UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MELISSA M. SANDOVAL, et al.,

                Plaintiffs,

-against-

ABBOTT HOUSE,

                Defendant.

24-cv-502 (AS)

ORDER OF SERVICE

ARUN SUBRAMANIAN, United States District Judge:

    Pro se plaintiff Melissa Sandoval brings this action on behalf of herself and her minor children.[1] The Court construes the complaint as asserting constitutional claims under 42 U.S.C. § 1983 and related claims under state law. While Sandoval may not appear pro se on behalf of her children, *see Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005), the Court has directed the Clerk of Court to request *pro bono* counsel to represent Sandoval's children, Dkt. 6.

    By order dated January 26, 2024, the Court granted Sandoval's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.

## DISCUSSION

    Because Sandoval has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

    To allow Sandoval to effect service on Defendant Abbott House through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant.

    Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Sandoval is proceeding IFP

---

[1] Under Federal Rule of Civil Procedure 5.2(a)(3), court submissions that refer to the name of a minor child must do so by using only the child's name's initials. *See* Fed. R. Civ. P. 5.2(a)(3). Plaintiff's complaint reveals full names of her minor children. The Court has directed the Clerk of Court to restrict electronic access to that submission to a "case participant-only" basis. If Sandoval refers to a minor child in any future filings, she must comply with Rule 5.2 by referring to that minor child using only that child's initials.

and could not have served the summons and the complaint until the Court reviewed the complaint and ordered that the summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within 90 days after the date the summons is issued, Sandoval should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

**Sandoval must notify the Court in writing if her address changes, and the Court may dismiss the action if Sandoval fails to do so.**

## CONCLUSION

The Clerk of Court is directed to issue a summons for Abbott House, complete the USM-285 forms with the addresses for this defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is further directed to mail an information package to Sandoval.

SO ORDERED.

Dated:   February 29, 2024
         New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge

## DEFENDANT AND SERVICE ADDRESS

Abbott House
1775 Grand Concourse Rd.
Bronx, NY 10456