UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Melissa M. Sandoval,

                          Plaintiff,

              -against-                                        24-CV-502 (AS)

Abbott House,                                                  ORDER

                          Defendant.

ARUN SUBRAMANIAN, United States District Judge:

Pro se plaintiff Melissa Sandoval sued Abbott House on behalf of herself and her three minor children. Dkt. 1. The Court appointed *pro bono* counsel for the three children, Dkts. 6 and 13, and the three children (represented by *pro bono* counsel) then voluntarily dismissed their claims. Dkt. 22. Sandoval now requests *pro bono* counsel for herself as well. Dkt. 38.

Under *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986), a district judge "deciding whether to appoint counsel" must "first determine whether the indigent's position seems likely to be of substance." *Id.* at 61. Then, the "court should . . . consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination." *Id.* at 61–62.

Sandoval was authorized to proceed *in forma pauperis*, Dkt. 4, which means she satisfies the indigency requirement. But while the Court found that claims brought on behalf of her children were "likely to be of substance," *see* Dkt. 6 at 2, the Court cannot make the same determination for Sandoval's own claims given the very minimal statement of facts relevant to Sandoval's rights as a parent (as opposed to the rights held by Sandoval's children, who are now no longer in the case). Because the Court cannot find at this juncture that Sandoval's claims are "likely to be of substance," it cannot request *pro bono* counsel, nor need it consider the other *Hodges* factors.

While the Court cannot request *pro bono* counsel for Sandoval at this stage, it extends the deadline for her response to defendants' motion to dismiss from January 9, 2025 to **January 30, 2025**. Defendant's deadline to file a reply brief is correspondingly extended from January 23, 2025 to **February 13, 2025**.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to terminate the motion at Dkt. 38.

SO ORDERED.

Dated: January 6, 2025
New York, New York

ARUN SUBRAMANIAN
United States District Judge