UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MELISSA M. SANDOVAL,

                  Plaintiff,

-against-

ABBOTT HOUSE,

                  Defendant.

24-cv-502 (AS)

OPINION AND ORDER

ARUN SUBRAMANIAN, United States District Judge:

## BACKGROUND

Melissa Sandoval, *pro se*, sued foster agency Abbott House on her own behalf and on behalf of her three minor children for injuries the children allegedly suffered while in Abbott House's care. Dkt. 1. The Court secured *pro bono* counsel to represent the children, and counsel promptly dismissed the children's claims. Dkt. 21. So the only claim left in the case is on Sandoval's own behalf.

Abbott House moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. 32. Sandoval did not oppose the motion to dismiss by the deadline to do so, and the Court *sua sponte* extended the deadline twice. In the Court's most recent order, Sandoval was informed that if she failed to file an opposition brief by February 21, 2025, the Court would consider the motion to dismiss in the absence of her response. Dkt. 40. Sandoval never responded, and Abbott House did not file a reply. The Court proceeds below to evaluate the merits of the motion even without Sandoval's response. *See Goldberg v. Danaher*, 599 F.3d 181, 183–84 (2d Cir. 2010) (instructing district courts to "make a determination on the merits" of a motion to dismiss even when the plaintiff has not filed an opposition).

## DISCUSSION

I.   **The Court considers additional facts contained in Sandoval's supplemental filings, but not new claims or new defendants added in those filings.**

Because the complaint includes very little detail and Sandoval is *pro se*, the Court considers Sandoval's other submissions to the Court in deciding the motion to dismiss. Dkts. 10, 11, 38; *see Cianfano v. Vill. of Tuckahoe*, 2019 WL 3456887, at *1 (S.D.N.Y. July 31, 2019) ("[W]here a *pro se* plaintiff is faced with a motion to dismiss, a court may consider materials outside the complaint to the extent that they are consistent with the allegations in the complaint." (alteration in original) (citation omitted)). However, the "liberal treatment afforded to *pro se* litigants does not exempt a *pro se* party 'from compliance with relevant rules of procedural and substantive law.'" *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (citation omitted).

First, the Court notes that Sandoval listed parties other than Abbott House as defendants in the case caption of two of these filings. *See* Dkt. 10 at 1 (adding "Judge Melody Glover. Hon."); Dkt. 38 at 1 (adding "foster care" and "Sarah Diego M, Bennett"). It is unclear from Sandoval's filings who these individuals are or what their roles (if any) in the dispute are. And regardless, a mere "change to the caption . . . is not by itself enough to join a new defendant to this litigation or to raise new legal claims." *Sankara v. Martuscello*, 2019 WL 13185391, at *1 (S.D.N.Y. Sept. 23, 2019).

Second, Sandoval's filings at Dkts. 10 and 38 include allegations of discrimination that were entirely absent from her complaint. At Dkt. 10, she writes: "I feel so discriminations upon my parental rights." At Dkt. 38, she writes: "I have picture's paper work I File [against] Judge I was Discriminated by Judge." "A *pro se* plaintiff may not raise 'entirely new' causes of action for the first time" outside of the complaint, and the Court only considers new claims if they "could have been asserted based on the facts alleged in the complaint." *Davila v. Lang*, 343 F. Supp. 3d 254, 267 (S.D.N.Y. 2018) (citation omitted); *see Mathie v. Goord*, 267 F. App'x 13, 14 (2d Cir. 2008) (affirming refusal to consider a new claim raised by a *pro se* party in opposition to a motion to dismiss when the "complaint did not encompass that claim"). If Sandoval means to make a discrimination claim, such a claim (seemingly directed at a judge in another proceeding) couldn't "have been asserted based on the facts alleged in the complaint," which was focused on Abbott House's alleged wrongdoing in its treatment of Sandoval's minor children and the specific injuries her children suffered. *Davila*, 343 F. Supp. at 267 (citation omitted). Her discrimination allegations "go well beyond merely elaborating on the facts alleged in the [c]omplaint and apparently are intended to support new legal theories," so the Court "declines to consider them here." *Mira v. Argus Media*, 2017 WL 1184302, at *3 n.4 (S.D.N.Y. Mar. 29, 2017).

The same goes for Sandoval's allegations that the "visiting schedule [had] changing hour[]s," "visit[]s [were] not made," and "2nd visit took off." Dkt. 10 at 3. Interpreted generously, these statements could be construed to allege that Sandoval's visitation rights or custody agreement had been altered. Again, such a claim could not be derived from the facts alleged in the complaint, so the Court does not consider them on this motion to dismiss.

The Court is also unable to construe these facts as an implicit request to amend the complaint. It's impossible to figure out what the new allegations are exactly, frustrating any effort to construe these filings liberally as seeking amendment and then to judge whether those amendments would state a viable claim against anyone.

## II.  The Court has subject matter jurisdiction.

Getting to the substance of Abbott House's motion, it first seeks dismissal for lack of subject matter jurisdiction. Sandoval alleges federal question jurisdiction, and her complaint details the abuses and harms her children allegedly suffered at the hands of Abbott House, including "unexplained rashes," "black eye[s]," being fed "mold[y] [and] rotten milk," and having an "[a]ctive virus [in their] blood." Dkt. 1 at 2, 5. These allegations do not, on their face, implicate any federal laws, especially as "parents lack standing to bring individual claims . . . based solely

upon deprivation of a child's constitutional rights." *Phillips v. City of New York*, 453 F. Supp. 2d 690, 734 (S.D.N.Y. 2006).

However, the Court must read Sandoval's complaint "liberally" given her *pro se* status. *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). Construed liberally, the Court discerns a potential attempt to sue under 42 U.S.C. § 1983 for violation of Sandoval's own substantive due process rights. "To invoke subject matter jurisdiction under 28 U.S.C. §§ 1331 [federal question jurisdiction generally] or 1343(a)(3) [jurisdiction for § 1983 suits], the federal right claimed in a complaint must not be . . . 'so insubstantial, implausible, foreclosed by prior decisions of th[e Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Giammatteo v. Newton*, 452 F. App'x 24, 28–29 (2d Cir. 2011) (footnotes omitted) (quoting *Duke Power Co. v. Carolina Env't Stud. Grp., Inc.*, 438 U.S. 59, 70–71 (1978)). In the Second Circuit, "[w]hether a parent of a child harmed in foster care has a claim of his or her own is an unsettled question." *Rivers v. McLeod*, 252 F.3d 99, 102 (2d Cir. 2001). Sandoval's § 1983 claim thus isn't completely foreclosed by controlling caselaw, so the Court has subject matter jurisdiction. *Cf. Hagans v. Lavine*, 415 U.S. 528, 542 (1974) ("Jurisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover." (quoting *Bell v. Hood*, 327 U.S. 678, 682 (1946))).

### III. Sandoval fails to state a claim.

In the alternative, Abbott House argues for dismissal under Federal Rule of Civil Procedure 12(b)(6). "To state a claim for a violation of substantive due process, a plaintiff must allege (1) a valid liberty or property interest and (2) that defendants infringed on that interest in an arbitrary or irrational manner." *20 Dogwood LLC v. Vill. of Roslyn Harbor*, 2024 WL 1597642, at *1 (2d Cir. Apr. 12, 2024) (citing *Royal Crown Day Care LLC v. Dep't of Health & Mental Hygiene of City of New York*, 746 F.3d 538, 545 (2d Cir. 2014)).

Sandoval has not adequately alleged that a valid liberty interest was infringed. While the Second Circuit has never decided the issue, "other Circuits, as well as numerous district courts within this Circuit, have declined to find that a parent's constitutional rights are violated unless the state action was aimed at specifically interfering with the parent-child relationship." *Castro v. Windham*, 2017 WL 4676644, at *4 (S.D.N.Y. Sept. 19, 2017) (collecting cases); *Love v. Riverhead Cent. Sch. Dist.*, 823 F. Supp. 2d 193, 200 (E.D.N.Y. 2011) (same). This Court agrees. "Parents . . . have a constitutionally protected liberty interest in the care, custody[,] and management of their children." *Tenenbaum v. Williams*, 193 F.3d 581, 593 (2d Cir. 1999). But as then-Circuit Judge Sotomayor observed, "[t]he constitutional privileges attached to the parent-child relationship . . . are hardly absolute," *United States v. Myers*, 426 F.3d 117, 125 (2d Cir. 2005), even if they do not "evaporate" entirely when parents lose "temporary custody of their child to the State." *Santosky v. Kramer*, 455 U.S. 745, 753 (1982). The parental-liberty interest that biological parents retain when their child is placed with foster parents is in preventing "irretrievable" severance of the parent-child relationship, *id.*, as the "right[] and ability to make day-to-day decisions about [the child's] care" has "already been circumscribed by the State."

3

*Castro*, 2017 WL 4676644, at *5. For this reason, courts have appropriately focused on the parent-child relationship when adjudicating due process claims brought by parents of children in foster care, and "most of the cases . . . involve due process claims relating to the parent's *custody* of the child." *Lamont v. Farucci*, 2017 WL 6502239, at *11 (S.D.N.Y. Dec. 18, 2017). So here, the Court—like most circuit courts and courts in the Second Circuit—declines to recognize a parent's § 1983 claim when the alleged state action was not specifically directed at the parent-child relationship, but rather involved the day-to-day care and welfare of the children.

The Court could only find one decision in this Circuit affirmatively disagreeing with this majority view. In *P.A. v. City of New York*, 44 F. Supp. 3d 287 (E.D.N.Y. 2014), the district judge concluded that because "the parent is independently harmed when others fail to properly care for the child," a parent "may maintain a substantive due process action under § 1983 . . . when a state custodian . . . is allegedly deliberately indifferent to the child's care." *Id.* at 313. But the opinion acknowledged that there was no known precedent for such a holding, and it did not "set forth the precise contours of such a cause of action" because the case could not proceed for other reasons. *Id.* at 313–14. And the holding was derived from a line of cases outlining the full scope of the parental liberty interest, thus not accounting for the abrogation of parental rights that the Supreme Court and the Second Circuit have concluded necessarily occurs when a child is placed in state custody.

So Sandoval can only state a valid § 1983 claim if she alleges that Abbott House's actions were specifically directed at interfering with her relationship with her children. Interpreted liberally, Sandoval's allegation that her children wore hand-me-down clothing during visits instead of the new clothes she purchased for them could be construed to suggest that Abbott House had tried to undermine her relationship with the children by doing so. *See, e.g.*, Dkt. 10 at 2 ("I buy New cloth[es], Hammy down's Instead of cloth[es] I buy."); Dkt. 11 at 2 ("Still till this day child is in hand-me downs."). But "[t]he protections of substantive due process are available only against egregious conduct which . . . can fairly be viewed as so brutal and offensive to human dignity as to shock the conscience." *Smith v. Half Hollow Hills Cent. Sch. Dist.*, 298 F.3d 168, 173 (2d Cir. 2002) (cleaned up). Even if putting the children in hand-me-downs instead of the new clothing Sandoval purchased could qualify as a specific attack on the parent-child relationship, it is clearly not "offensive to human dignity."

The rest of Sandoval's complaint and the portion of her supplemental letters the Court considers on this motion to dismiss are focused on the alleged physical and mental injuries that Abbott House inflicted on her children. These allegations are far from sufficient to suggest that Abbott House's alleged abuses were aimed at interfering with Sandoval's parent-child relationship such that her substantive due process rights were violated.

Sandoval has failed to plead a valid § 1983 claim. But this doesn't mean that there was no recourse for the alleged harms Sandoval's children suffered while in foster care. The children have a well-established substantive due process right to protection from harm while in foster care. *See Richards v. City of New York*, 433 F. Supp. 2d 404, 422 (S.D.N.Y. 2006) ("[C]hildren in foster care [have] a substantive due process right [under the Fourteenth Amendment] to protection from

4

harm." (second and third alterations in original) (quoting *Tylena M. v. Heartshare Children's Servs.*, 390 F. Supp. 2d 296, 302 (S.D.N.Y. 2005))). They were represented by counsel in vindicating that right, Dkts. 13, 16, and those claims were voluntarily withdrawn. Dkt. 22.

## CONCLUSION

The complaint is dismissed. However, this dismissal is without prejudice. The Court grants Sandoval leave to amend her complaint. *See Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("A *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives *any* indication that a valid claim might be stated." (cleaned up) (emphasis added)). If Sandoval wishes to amend her complaint, she must do so by **June 6, 2025**.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to terminate the motion at Dkt. 32.

SO ORDERED.

Dated: May 15, 2025
New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge